UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
X------------------------------------------------------------X  ECF CASE
ADEL HUSSAIN, on behlf of himself and
others similarly situated in the proposed
FLSA Collective Action,
        Plaintiffs,

Civil Action No.
22 Civ. 04718 (CBA)(JRC)

-against-

**ANSWER**

AVENUE J. FLOREST, and LOUIE CONSTANTINO,
        Defendants.
------------------------------------------------------------X

    Defendants, AVENUE J. FLORIST, LLC (wrongly identified in the caption of the complaint as "Avenue J. Florest") and LOUIS KONSTANTINOS VELLIOS (wrongly identified in the complaint at "Louie Constantino") (hereinafter in this Answer, these defendants will be referred to collectively as "Defendants"), by their attorney, Bernard Weinreb, answer the complaint herein as follows:

    1.    Admit to the allegation set forth in paragraph 1 of the Complaint that Plaintiff is bringing a lawsuit against Defendants, but deny the claims of legal violations by Defendants and all the other allegations set forth in paragraph 1 of the Complaint.

    2.    No response is required to paragraph 2 of the Complaint as Plaintiff is not setting forth allegations which require a response and is just stating what he is seeking to recover in this lawsuit. However, if allegations in paragraph 2 of the Complaint require a response, Defendants deny all such allegations

    3.    Admit the allegations set forth in paragraph 3 of the Complaint.

    4.    Admit the allegations set forth in paragraph 4 of the Complaint.

    5.    Admit the allegation in the Complaint that venue is proper in this District, but deny the remaining allegations set forth in paragraph 5 of the Complaint.

    6.    Deny the allegations set forth in paragraph 6 of the Complaint.

    7.    Deny the allegations in paragraph 7 of the Complaint.

    8.    Deny the allegations in paragraph 8 of the Complaint.

    9.    Deny the allegations in paragraph 9 of the Complaint.

    10.    Admit the allegations set forth in paragraph 10 of the Complaint.

11. No response is required by Defendants to paragraph 11 of the Complaint as such allegations set forth questions or law to be determined by the Court, but, to the extent that an answer to these allegations are required, such allegations are denied.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint, as Defendants are not aware of any individual with the name Louie Constantino working for, or associated with, Avenue J. Florist. However, under the assumption that Plaintiff meant to sue Louis Konstantinos Vellios, Defendants admit that Louis Konstantinos is an individual engaged in business within this judicial district during the relevant time period covered by the Complaint.

17. No response is required to paragraph 17 of the Complaint as Plaintiff is not setting forth allegations which require a response other than just stating that Plaintiff is suing Louie Constantino in this lawsuit. However, if there are other allegations in paragraph 17 of the Complaint that require a responsive pleading, Defendants deny all such allegations

18. Deny the allegations in paragraph 18 of the complaint, as Defendants are not aware of any individual with the name Louie Constantino working for, or associated with, Avenue J. Florist. However, under the assumption that Plaintiff meant to sue Louis Konstantinos Vellios, Defendants admit that Louis Konstantinos performs services for Avenue J. Florist. Defendants are not responding to the remaining allegations in paragraph 18 of the Complaint, as such allegations are legal conclusions to be determined by the Court but, if a response to such allegations is required, such allegations are denied.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, as Defendants are not aware of any individual with the name Louie Constantino working for, or associated with, Avenue J. Florist. However, under the assumption that Plaintiff meant to sue Louis Konstantinos Vellios, Defendants admit that Louis Konstantinos performs services for

Avenue J. Florist. Defendants are not responding to the remaining allegations in paragraph 21 of the Complaint, as such allegations are legal conclusions to be determined by the Court and, if a response to such allegations is required, such allegations are denied.

22. Deny the allegations in paragraph 22 of the Complaint, as Defendants are not aware of any individual with the name Louie Constantino working for, or associated with, Avenue J. Florist. However, under the assumption that Plaintiff meant to sue Louis Konstantinos, Defendants admit that Louis Konstantinos performs services for Avenue J. Florist. Defendants are not responding to the remaining allegations in paragraph 22 of the Complaint, as such allegations are legal conclusions to be determined by the Court and, if a response to such allegations is required, such allegations are denied.

23. Deny the allegations in paragraph 23 of the Complaint, as Defendants are not aware of any individual with the name Louie Constantino working for, or associated with, Avenue J. Florist. However, under the assumption that Plaintiff meant to sue Louis Konstantinos Vellios, Defendants admit that Louis Konstantinos Vellios performs services for Avenue J. Florist. Defendants are not responding to the remaining allegations in paragraph 23 of the Complaint, as such allegations are legal conclusions to be determined by the Court and, if a response to such allegations is required, such allegations are denied.

24. Deny the allegations in paragraph 24 of the Complaint.
25. Deny the allegations in paragraph 25 of the Complaint.
26. Deny the allegations in paragraph 26 of the Complaint.
27. Deny the allegations in paragraph 27 of the Complaint.
28. Deny the allegations in paragraph 28 of the Complaint.
29. Deny the allegations set forth in paragraph 29 of the Complaint.
30. Denies the allegations set forth in paragraph 30 of the Complaint.
31. Deny the allegations set forth in paragraph 31 of the Complaint.
32. Deny the allegations set forth in paragraph 32 of the Complaint.
33. Deny the allegations set forth in paragraph 33 of the Complaint.
34. Deny the allegations set forth in paragraph 34 of the Complaint.
35. Deny the allegations set forth in paragraph 35 of the complaint.
36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 38 of the Complaint.

38. Admit the allegation in paragraph 38 of the Complaint that Plaintiff was not required to keep track of his time -- the reason being that, since he was not an employee of Defendants, he was not required to keep track of his time, but Defendants deny the remaining allegations set forth in paragraph 38 of the Complaint.

39. Admit the allegation in paragraph 39 of the Complaint that Plaintiff was not given any notices regarding wages -- the reason being that, since he was not an employee of Defendants, there was no reason for Defendants to provide such notice to Plaintiff, but Defendants deny the remaining allegations set forth in paragraph 39 of the Complaint.

40. Admit the allegation in paragraph 40 of the Complaint that Plaintiff was not given a statement of wages -- the reason being that, since he was not an employee of Defendants, there was no reason for Defendants to provide such statement of wages to Plaintiff, but Defendants deny the remaining allegations set forth in paragraph 40 of the Complaint.

41. Admit the allegation in paragraph 41 of the Complaint that Plaintiff was not given the notice required by NYLL section 195(1) -- the reason being that, since he was not an employee of Defendants, there was no reason for Defendants to provide such statement of wages to Plaintiff, but Defendants deny the remaining allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. No response is required to paragraph 43 of the Complaint as Plaintiff is not setting forth allegations which require a response and is just stating what he is seeking to recover in this lawsuit. However, if there are allegations in paragraph 43 of the Complaint that require a responsive pleading, Defendants deny all such allegations.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

45. No response to the allegations set forth in paragraph 45 of the Complaint is required, as such paragraph set forth questions or law to be determined by the Court, but, to the extent that an answer to these allegations are required, such allegations are denied.

46. No response is required to paragraph 46 of the Complaint as Plaintiff is not setting forth allegations which require a response and is just stating what he is seeking to recover in this lawsuit. However, if there are allegations in paragraph 46 of the Complaint that require a responsive pleading, Defendants deny all such allegations

47. Defendants repeat and reallege their answers set forth in paragraphs 1 through 46 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

48. Deny the allegations set forth in paragraph 48 of the Complaint.

49. Deny the allegations set forth in paragraph 49 of the Complaint.

50. Deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants repeat and reallege their answers set forth in paragraphs 1 through 50 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

52. Deny the allegations set forth in paragraph 52 of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny the allegations set forth in paragraph 54 of the Complaint.

55. Deny the allegations set forth in paragraph 55 of the Complaint.

56. Deny the allegations set forth in paragraph 56 of the Complaint

57. Defendants repeat and reallege their answers set forth in paragraphs 1 through 56 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

59. Deny the allegations set forth in paragraph 59 of the Complaint.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants repeat and reallege their answers set forth in paragraphs 1 through 60 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

62. Deny the allegations set forth in paragraph 62 of the Complaint.

63. Deny the allegations set forth in paragraph 63 of the Complaint.

64. Deny the allegations set forth in paragraph 64 of the Complaint.

65. Deny the allegations set forth in paragraph 65 of the Complaint.

66. Deny the allegations set forth in paragraph 66 of the Complaint.

67. Defendants repeat and reallege their answers set forth in paragraphs 1 through 66 above in response to the allegations set forth in such paragraphs, as if set forth herein at length.

68. No response is required by Defendants to paragraph 68 of the Complaint as such the allegations set forth questions or law to be determined by the Court and, to the extent that an answer to this allegation is required, such allegations are denied.

69. Deny the allegations set forth in paragraph 69 of the Complaint.

70. Deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants repeat and reallege their answers set forth in paragraphs 1 through 70 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

72. Deny the allegations set forth in paragraph 72 of the Complaint.

73. Deny the allegations set forth in paragraph 73 of the Complaint.

74. Defendants repeat and reallege rheir answers set forth in paragraphs 1 through 74 above in response to the allegations set forth in such paragraphs of the Complaint, as if set forth herein at length.

75. Deny the allegations set forth in paragraph 75 of the Complaint.

76. Denies the allegations set forth in paragraph 76 of the Complaint.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

82. The complaint fails, in whole or in part, to state a claim upon which relief may be granted.

WHEREFORE, Defendants demand judgment dismissing the complaint in its entirety, and awarding Defendants costs, disbursements and attorney's fees.

Dated: Spring Valley, New York
September 12, 2022

Bernard Weinreb, Esq.
Attorney for Defendants
2 Perlman Drive – Suite 310
Spring Valley, New York 10977

(845) 369-1019  
Email: boruchw@cs.com