## BERNARD WEINREB
### ATTORNEY AT LAW

Tel (845) 369-1019
Fax (845) 369-3973
Email: boruchw@cs.com

2 PERLMAN DRIVE
SUITE 310
SPRING VALLEY, NY 10977

March 12, 2024

Honorable Carol Bagley Amon
District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Adel Hussain v. Avenue J Florist LLC, et al
        22 cv 4718 (CBA)

Dear Judge Amon:

    I am the attorney for the Defendants in this action. I would like to bring a summary judgment motion to dismiss the case. In accordance with Your Honor's Rules, I am seeking a pre-motion conference at which I wish to present to the Court the basis of my motion to have this case dismissed.

    As discussed below, at a February 20, 2024 deposition of Plaintiff it became clear that the defendants named in the Complaint filed in this action are not the correct defendants and that the time period of the alleged infractions was several years earlier than the dates alleged in the Complaint (and the statute of limitations would have expired even if the correct parties were named as defendants). Thus, as the Complaint does not match up with what was litigated to date, the case should be dismissed with prejudice.

    The Complaint in this case was filed by Plaintiff, Adel Hussain, on August 10, 2022. The case was brought against Avenue J. Florest (sic) and Louie Constantino. The discovery cutoff date was on February 29, 2024.

    In the Complaint, Plaintiff alleges that he was employed by Avenue J Florest (sic) from approximately December 2018, through and including August 2019, and that, during that period he worked between 72 and 119 hours each week and was not paid for all his hours worked or any overtime. He also alleges violations of the spread of hour rules and the Defendants' failure to provide wage notices.

    We took the deposition of Plaintiff, Adel Husain, on February 20, 2024. During the deposition, Plaintiff admitted that he never worked for Avenue J Florist. Instead, he alleged at the deposition that he worked for a different florist that is related to Avenue J Florist in that there is a common owner of both florists.

While it is true that both florists have a common owner, the nature of the Avenue J Florist business (the Defendant named by Plaintiff in the Complaint) is very different than that of the flower shop Plaintiff recently (and for the first time in this action) claimed (in his deposition) he worked for, as Avenue J Florist is a retail flower shop selling to customers off the street, whereas the company he claims (in his deposition) he worked for sets up flowers for events, such as weddings, bar mitzvahs, etc. Furthermore, the day to day operations of Avenue J Florist and the other florist are run by different people, a different co-owner.

Plaintiff also never worked for the other named individual defendant, Louie Constantino. Thus, the Plaintiff sued two defendants who he never worked for. Although Plaintiff was advised of the other related company's name and of the officer who jointly owned the related florist during discovery in response to interrogatories, Plaintiff never amended the Complaint to set forth the correct Defendants whom he mentioned for the first time at his deposition. Therefore, the entire litigation proceeded to date on the basis of the wrongly named defendants in the Complaint.

Defendants had insisted throughout this litigation that Plaintiff never worked for Avenue J Florist. Nevertheless, Plaintiff's counsel insisted that Plaintiff worked for Avenue J Florist. Plaintiff's story recently completely changed (*i.e.*, the names of the alleged defendants and the relevant dates) on February 20, 2024, when Plaintiff was deposed.

Another disclosure made by Plaintiff during his deposition which appears to be fatal to his case is that, while the filed complaint alleges that the relevant period in which Plaintiff worked for Defendants was December 2018 through August 2019, Plaintiff admitted during his deposition that he did not work for Defendants during such time period. Instead, he stated at his deposition that he worked for Defendants many years earlier, and that his service for (the newly identified) defendants ended when he got injured in 2015.

These new developments in this case discovered at the deposition presents three significant problems for Plaintiff that are fatal to his case. First, the case is now a very different case than what was originally filed by Plaintiff in August 2022. Thus, all the Plaintiff could theoretically do at this point is to drop the current case, as the facts set forth in the Complaint are totally wrong, and start a completely new case, naming the correct defendants and the correct relevant dates of the alleged infractions. The problem Plaintiff would have in starting a new case, however, is that he would be starting the new case eight or nine years after the alleged wrongdoing, which claims are barred by the statute of limitations.

Second, as argued earlier in this letter, since defendants needed to defend this case until now on the basis of the wrongly named defendants and the wrong time period, this severely prejudices defendants who would now (after the discovery cutoff date) need to defend claims that pertained to completely different defendants and a completely different time period than was presented in the Complaint.

Finally, based on Plaintiff's testimony at his deposition that he stopped working for Defendants when he got injured in 2015, Plaintiff's case is time barred by the statute of limitations, even the longer six year statute of limitations that applies

to the New York labor law cases. Plaintiff's case would be time barred even had the correct defendants been named in the original complaint, as the alleged wrongdoing was committed no later than 2015, seven years before the case was filed, in August 2022.

In light of the foregoing, we respectfully maintain that the case against Defendants be dismissed with prejudice.

Furthermore, since this case should never have been brought, for the reasons we set forth above, we are seeking to recover the attorney's fees incurred by Defendants. On February 21, shortly after the deposition, I emailed my adversary, Jason Mizrahi, Esq., giving him the opportunity to withdraw the Complaint so as to avoid the need for me to make this motion. I warned him in that email that if he does not withdraw the Complaint, I will seek to recover attorney's fees. Notwithstanding my email to him, Mr. Mizrahi did not withdraw the complaint. As such, I will request in this motion the Court to award attorney's fees incurred during the litigation.

Thank you for your consideration.

Respectfully,

Bernard Weinreb

Cc: Jason Mizrahi, Esq